UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
NICHOLAS RUSSIAN,

                                Plaintiff,         **ORDER**
                                                      03-cv-03399 (ADS)

      -against-

THE TOWN OF SOUTHAMPTON, STEVEN
MILLER, Police Officer,

                                Defendants.
----------------------------------------------------X

**APPEARANCES:**

**DANIEL F. LYNCH, ESQ.**
Attorney for the Plaintiff
20 Vesey Street
Suite 410
New York, NY 10007

**NO APPEARANCE:**
The Town of Southampton and Steven Miller

**SPATT, District Judge.**

      On July 11, 2003, the plaintiff Nicholas Russian ("Russian" or the "plaintiff") commenced this action against the defendants the Town of Southampton and Steven Miller, alleging a violation of civil rights under section 1983. On April 29, 2004, United States Magistrate Judge Arlene R. Lindsay issued an order to show cause why the action should not be dismissed for failure to prosecute. On May 17, 2004, the plaintiff responded by stating that the matter had not been pursued because the outcome of a pending related

criminal matter would effect the civil case and that the civil case was filed in order to avoid the expiration of the statute of limitations on the state-law causes of action. On May 18, 2004, Judge Lindsay issued a Report and Recommendation finding that the plaintiff had not shown good cause for his failure to serve the defendants and recommended that the action be dismissed without prejudice. On June 1, 2004, the plaintiff objected to the Report. On September 20, 2004, the Court declined to adopt Judge Lindsay's Report and directed the plaintiff to move for a default judgment due to the defendants' failure to appear.

To date, more than eight months later, the plaintiff has not moved for a default judgment. Indeed, there has been no activity in this case since the plaintiff objected to the Report.

Fed. R. Civ. P. 41(b) provides, in part, "for failure of the plaintiff to prosecute or to comply with . . . any order of the court, a defendant may move for dismissal of an action or of any claim against the defendant." Rule 41(b) obligates the plaintiff to diligently prosecute her case. See Harding v. Goord, No. 02 Civ. 6790, 2003 U.S. Dist. LEXIS 11297, at *6 (S.D.N.Y. July 1, 2003) (citing Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982)). Although not explicitly authorized by Rule 41(b), a district court has the inherent power to dismiss a case, sua sponte, for lack of prosecution. See Link v. Wabash Railroad Co., 370 U.S. 626, 630-31, 8 L. Ed.2d 734, 82 S. Ct. 1386 (1962); Spencer v. Does, 139 F.3d 107, 112. "[T]he authority to invoke such remedy is essential to the court's

2

efficiency and prompt disposition of cases." Internet Management Info. Systems, Inc. v. Hanes Morgan & Co., Inc., No. 98 Civ. 6758, 2001 U.S. Dist. LEXIS 4894, at *6 (S.D.N.Y. Apr. 17, 2001) (citing Lyell Theatre Corp., 682 F.2d at 43)).

In light of the plaintiff's failure to diligently prosecute this case, the Court finds that dismissal of this action is appropriate under Fed. R. Civ. P. 41(b). Nevertheless, because the Court recognizes that dismissal is a harsh remedy which warrants "extreme" circumstances, Spencer, 139 F.3d at 112, the case is dismissed without prejudice with leave to apply to re-open this case within 20 days of the date of this order upon a showing of good cause for failure to prosecute.

Based on the foregoing, it is hereby

**ORDERED**, that the complaint is dismissed without prejudice for failure to prosecute; and it is further

**ORDERED**, that the Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
May 25, 2005

/s/ Arthur D. Spatt
ARTHUR D. SPATT
United States District Judge